```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/12/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CURRY MANAGEMENT CORP. and
CURRY CORPORATION,

                          Plaintiffs,

- against -

JPMORGAN CHASE BANK N.A.,

                          Defendant.

Case No. 22-cv-05006 (CM) (JW)

**STIPULATION AND
CONFIDENTIALITY ORDER**

WHEREAS, all of the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

IT IS HEREBY ORDERED, that the Parties to this action, their respective clients, officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

        1.       The Addendum, copied from pages 17 and 18 of Judge McMahons Individual Practices and Procedures, is deemed incorporated herein.

        2.       With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this proceeding) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

        3.       Recipients of Confidential Discovery Material under this Stipulation and Order may use such material solely for the prosecution and defense of this action, and not for any other purpose or in any other litigation or proceeding. Nothing contained in this Stipulation and Order, however, will affect or restrict the rights of any Party with respect to its own documents or information it produced in this proceeding.

        4.       Any Producing Party may, subject to the provisions of this Stipulation and Order, designate as Confidential Information any Discovery Material

that the Producing Party believes in good faith: (1) is not in the public domain (i.e., is not generally known and not reasonably ascertainable by proper means); and (2) contains (i) trade secrets, proprietary information, confidential research and development, commercial information, or information that is otherwise commercially sensitive, (ii) any information of a personal or intimate nature regarding any individual or (iii) any other category of information hereafter given confidential status by the Court.

5. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the document in a manner that will not interfere with legibility or audibility; and (b) if required, producing for future public use another copy of said Discovery Material with the confidential information redacted.

6. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after receiving a copy of the deposition transcript, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following the distribution of the deposition transcript, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

7. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential under the terms of this Protective Order.

8. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

    (a) the Parties to this action, their insurers, and counsel to their insurers;

    (b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions conducted in this action; and

(i) this Court, including any appellate court, and the court reporters and support personnel for the same.

9. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f) or 7(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with this Court's Individual Practices in Civil Cases.

11. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with

3

particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with this Court's Individual Practices in Civil Cases.

12.     Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

13.     Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction.

14.     Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

15.     Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

4

16. This Protective Order shall survive the termination of the litigation.

SO STIPULATED AND AGREED:

| | |
|---|---|
| Dated: New York, New York<br>April 11, 2023 | Dated: New York, New York<br>April 11, 2023 |
| SIMMONS JANNACE DELUCA LLP | ZEICHNER ELLMAN & KRAUSE LLP |
| By: *(signature)*<br>Michael C. Lamendola<br>*Attorneys for Plaintiffs*<br>*Curry Management Corp. and*<br>*Curry Corporation*<br>43 Corporate Drive<br>Hauppauge, New York 11788<br>(631) 873-4888<br>mlamendola@sjdfirm.com | By: *(signature)*<br>Ronald M. Neumann<br>Attorneys for Defendant<br>JPMorgan Chase Bank, N.A.<br>1211 Avenue of the Americas<br>New York, New York 10036<br>(212) 223-0400<br>Rneumann@zeklaw.com |

SO ORDERED:

Dated: New York, New York
April 12, 2023

*(signature)*

United States District Judge

With addendum

# ADDENDUM

## VI. Stipulation and Confidentiality Orders

The below addendum <u>must</u> be incorporated before Judge McMahon will sign a Stipulation and Confidentiality Order:

> THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER
>
> The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.
>
> It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.
>
> The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.
>
> If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign

17

the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CURRY MANAGEMENT CORP. and CURRY CORPORATION,<br><br>                              Plaintiffs,<br><br>        - against -<br><br>JPMORGAN CHASE BANK N.A.,<br><br>                              Defendant. | Case No. 22-cv-05006 (CM) (JW)<br><br>**NON-DISCLOSURE AGREEMENT** |

_____, United States District Judge:

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:

4893-4394-9660, v. 1